# UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| In re:<br><br>SANDRA L. TURNER,<br>103 Joshua's Run<br>Goodlettsville, TN 37072-2333<br>SSN: XXX-XX-6328<br><br>Debtor. | Case No. 3:15-bk-06099<br>Chapter 11<br>Judge Randall Mashburn<br><br>SECOND AMENDED CHAPTER 11 PLAN |

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS . . . . . 2
    A.  General Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.  Unclassified Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        1.  Administrative Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        2.  Priority Tax Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        3.  Priority Domestic Support Obligations . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.  Classified Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        1.  Classes of Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
            a. Secured. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
            b. Court Ordered . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
            c. Guaranteed Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        2.  Classes of Priority Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . 9
        3.  Class of General Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        4.  Class(es) of Interest Holders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    D.  Means of Performing the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        1.  Funding for the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1

  2. Post-Confirmation Management . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
  3. Disbursing Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
III. TREATMENT OF MISCELLANEOUS ITEMS . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
 A. Executory Contracts and Unexpired Leases . . . . . . . . . . . . . . . . . . . . . . . 11
  1. Assumptions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
  2. Rejections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
 B. Changes in Rates Subject to Regulatory Commission Approval . . . . . . . . . . . .12
 C. Retention of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
IV. EFFECT OF CONFIRMATION OF PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
 A. Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
 B. Re-vesting of Property in the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
 C. Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
 D. Post-Confirmation Status Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
 E. Quarterly Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
 F. Post-Confirmation Conversion/Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
 G. Final Decree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

## I.

## INTRODUCTION

Sandra L. Turner is the Debtor in a Chapter 11 bankruptcy case. On August 30, 2015, Debtor commenced a voluntary bankruptcy case by filing a Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by the Debtor ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which is pending approval by the Court, and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by using Debtor's income. The Effective Date of the proposed Plan is 45 days after confirmation.

## II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

## A. General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The

2

Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.     Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

**1.     Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

There are no administrative claims under the plan except for any quarterly fees owed by the Debtors that may become due between now and the confirmation of the case and the unpaid attorney's fees for Mike J. Urquhart, Counsel for the Debtor-in-possession, which are subject to the approval of the Court.

**2.     Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years form the date of the assessment of such tax.

There are no Section 507(a)(8) priority tax claims under this Plan.

**C.    Classified Claims and Interests**

  **1.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. There are secured pre-petition claims under this Plan.

  a. Twelve Stones Crossing ("Twelve Stones") holds a secured claim in the amount of $1,951.50. Twelve Stones is secured in the property located at 103 Joshua's Way, Goodlettsville, TN to the value of $1,951.50. The claim of arises out of a Master Deed of Trust on the property in which the Debtor resides. The Debtor intends to pay Twelve Stones $1,951.50 at 3.75% over 60 months in payments of $35.72 per month plus the ongoing payment of $46.67 per month for a total payment of $82.39 for 60 months beginning on the effective date of the Plan. On month 61 the payment will revert to $46.67 per month. If during the 60 months repayment the current payment for the association increases, the payments will be calculated at the new payment amount plus $35.72 for the remaining months. Upon payment of the above amounts, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

  b. Mercedes Benz holds a secured claim in the amount of $11,260.42. The Mercedes Benz has a value of $11,260.42. Mercedes Benz is secured in the primary vehicle of the debtor. The claim of Mercedes Benz shall be valued and treated as secured to the value of $11,260.42 and the balance will be unsecured. The Debtor intends to pay Mercedes $11,260.42 at 3.75% over 60 months in payments of $206.00 per months. Upon payment of the above secured amount, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

**2. Classes of Court Ordered Claims**

Court Ordered claims are claims that are under prior Court Orders by this Court.

a. Susquehanna Commercial Finances, Inc. ("Susquehanna") holds a court ordered claim in the amount of $56,163.86, secured in dental equipment. It is the position of the Debtor that this claim is actually a financing agreement and not a true lease. As such the claim will be treated as secured and paid in accordance with the terms and conditions of the debtor's chapter 11 plan. Further said claim will be paid in accordance with the terms and conditions set forth in the agreed order dated January 14, 2016. The claim will be treated as secured in the amount of $15,000.00, over 60 months with 3.5% interest, which payments shall be in the amount of $272.88 per month. The remaining portion will be treated as unsecured. The terms and conditions set forth in the agreed order will be incorporated as set out verbatim in the Chapter 11 plan. Upon payment of the above secured amount, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

b. Patterson Dental Supply, Inc. ("Patterson") holds a court ordered claim in the amount of $75,000.00 pursuant to the terms and conditions set forth in the agreed order entered on April 22, 2016. It is the position of the Debtor that this claim is actually a financing agreement and not a true lease. As such the claim will be treated as secured and paid in accordance with the terms and conditions of the debtor's chapter 11 plan. Further the agreed order entered into by the parties will be incorporated into the Chapter 11 plan. Patterson's claim will be valued and secured in the amount of $75,000.00, over 48 months with 3.5% interest, which payments shall be in the amount of $997.47 per month. After the 48 month period, interest shall increase to 5% requiring a payment of $1,053.26 for the remaining 36 months commencing thirty (30) days after confirmation. Further during the course of the Debtor's bankruptcy, the debtor was making adequate protection payments to the creditor in the amount of $198.00 per

month. All payments made by the debtor to the creditor prior to confirmation shall be applied to principle to reduce the principle balance pursuant to the agreed order. The remaining balance of the claim will be treated as unsecured. Upon payment of the above amounts, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

c. Blue Bridge Financial, LLC, ("Blue Bridge") holds a court ordered claim in the amount of $34,203.90, secured portion equaling $9,000.00, plus interest at the rate of 4.5% per annum. Claim is secured in dental equipment. The balance of the claim will be treated as unsecured. As such the claim will be treated as secured and paid in accordance with the terms and conditions of the Agreed Order entered on August 10, 2017. The Claim will be treated as secured and valued in the amount of $9,000.00 at the rate of 4.5% per annum with the first payment commencing on the 15th of the month with the first payment due on the first 15th of the month proceeding the effective date of the plan. The payment shall be $167.79. Upon payment of the above amounts, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired. Treatment will be consisted with the agreed order between the parties and entered by the Court and incorporated herein by reference.

d. Fifth Third Bank holds a long term obligation on the debtor's residence and as a result this obligation will treat the secured debt pursuant to 11 U.S.C . §1123(b)(5). The residence has a value of $357,000.00. The obligation is in the debtor's name however the property deed in the name of a trust agreement. There are no pre-petition arrears at this time. The debtor will continue to make the monthly payments under the terms and conditions of the deed of trust and loan documents. This claim is not based upon an insider and is not impaired. Treatment will be consisted with the

6

Case 3:15-bk-06099    Doc 138    Filed 09/12/17    Entered 09/12/17 08:59:18    Desc Main
Document    Page 6 of 15

agreed order between the parties and entered by the Court and incorporated herein by reference.

3. **Classes of Guaranteed Claims**

Guaranteed claims are claims guaranteed on property in which Debtor is a Guarantor.

a. Lease Finance Group, LLC, ("Lease Finance"), holds a guaranteed claim in the amount of $306.16, secured in dental equipment. It is the position of the Debtor that this claim is actually a financing agreement and not a true lease. As such the claim will be treated as secured and paid in accordance with the terms and conditions of the Chapter 11 plan. Lease Finance did not file a proof of claim in this matter and will be disallowed for any amount not provided herein. The Debtor intends to pay Lease Finance $50.00 as full and final settlement of the obligation 45 days after confirmation. Upon payment of the above amounts, the creditor shall release any and all liens on the property. The remaining balance of the claim will be treated as unsecured. The claim is not based upon an insider and is impaired.

b. NCMIC Finances Corporation ("NCMIC") filed multiply claims in this matter. Claim 15 was actually a duplicate claim for and claim (#15) was withdrawn by the creditor and will be disallowed. It is the position of the Debtor that this claim is actually a financing agreement and not a true lease. As such the claim will be treated as guaranteed and paid in accordance with the terms and conditions of the debtor's chapter 11 Plan. The claim of $43,210.34 will be valued and secured in the amount of $7,500.00 at 3.75% over 60 months in payment of $137.28 per month. The remaining balance of the claim will be treated as unsecured. Upon payment of the above secured amount, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

c. Professional Solutions Financial Service ("Professional Solutions") filed a secured claim in the amount of $37,516.81 secured in computer equipment. It is the position

7

of the Debtor that this claim is actually a financing agreement and not a true lease. As such the claim will be treated as guaranteed and paid in accordance with the terms and conditions of the Debtor's Chapter 11 Plan. The Debtor intends to pay Professional Solutions as a guaranteed claim and values the claim at $9,250.00 with interest at 3.75% over 60 months beginning on the effective date of the Plan with payments of $169.31 per month. The balance of the claim will be treated as unsecured. Upon payment of the above amounts, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

d. Stearns Bank (aka Group Financial ("Stearns") holds a guaranteed claim in the amount of $110,889.78, secured in dental equipment. It is the position of the Debtor that this claim is actually a financing agreement and not a true lease. As such the claim will be treated as guaranteed and paid in accordance with the terms and conditions of the debtor's chapter 11 Plan. The Debtor intends to pay Stearns as a guaranteed creditor with its claim valued and secured in the amount of $10,000.00 at 3.75 % over 60 months with payments of $183.04 per month beginning 30 days after the Effective date of the Plan. The balance of the claim will be treated as unsecured. Upon payment of the above secured amount, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

e. Time Payment Corp ("Time Payment") holds a guaranteed claim in the amount of $28,310.00, secured in dental equipment. It is the position of the Debtor that this claim is actually a financing agreement and not a true lease. As such the claim will be treated as guaranteed and paid in accordance with the terms and conditions of the debtor's chapter 11 Plan. The Debtor values and intends to pay Time Payment secured to the amount of $3,500.00 with interest at 3.75% at the rate of $64.06 over 60 months with the first payment due 30 days from the effective date of the Plan. The remaining portion of the claim to be treated as unsecured. Upon payment of the

above secured amount, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

f. M2 Lease Funds ("M2") holds a secured claim in the amount of $62,187.23. M2 is secured in dental equipment. It is the position of the Debtor that this claim is actually a financing agreement and not a true lease. As such the claim will be treated as secured and paid in accordance with the terms and conditions of the debtor's chapter 11 Plan. The Debtor values and intends to pay the claim of M2 as secured to the value of $3,500.00 with interest at the rate of 3.75% over 60 months with payment of $64.06 per month. The remaining balance of the claim will be disallowed as no claim was filed. Upon payment of the above secured amount, the creditor shall release any and all liens on the property. The claim is not based upon an insider and is impaired.

**2. Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

There are no priority unsecured claims under the Plan.

**3. Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following the Plan's treatment of the class containing <u>all</u> of Debtor's general unsecured claims (see Exhibit D for detailed information about each general unsecured claim of the disclosure statement) along with any unsecured portions identified above :

9

Case 3:15-bk-06099   Doc 138   Filed 09/12/17   Entered 09/12/17 08:59:18   Desc Main
Document      Page 9 of 15

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| 4 | General unsecured claims<br><br>• Total amt of claims = $184,717.61 plus any unsecured portion of claims filed above but treated as unsecured. | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval<br>• Pymt amt/interval<br>• Begin date<br><br><br><br><br>• End date<br><br><br>• Interest rate<br>• Total payout | = Monthly<br>= $750.00<br>= 15th day of the month after effective date<br><br>= 60 mos. from effective date<br>= 0.00%<br>= $45,000.00 |

Monthly payments shall be made on a pro rata basis based on the value of each unsecured claim. Any plan payments returned to the Debtor by unsecured creditors shall become property of the reorganized Debtors. Effective date for payment of unsecured creditors is month 61 after the date of confirmation of the plan.

**4.  Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is an individual, the Debtor is the interest holder.

The Debtor is an individual in this case.

**D. Means of Performing the Plan**

**1. Funding for the Plan**

The Plan will be funded by the following: Income from Debtor's income through APEO, LLC and the operation of her own dental business.

**2. Post-confirmation Management**

The Debtor shall be responsible for post-confirmation management.

**3. Disbursing Agent**

Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

**A. Executory Contracts and Unexpired Leases**

**a. Assumptions**

There are no unexpired leases or executory contracts to be assumed as obligations of the reorganized Debtor under this Plan.

**b. Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:

All executory contracts and leases not explicitly assumed above or treated above.

The order confirming the Plan shall constitute an Order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS SHALL BE 45 DAYS AFTER CONFIRMATION. Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not filed. Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

B. **Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

C. **Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

D. **Binding effect upon creditors as it relates to the debtor's company.** As a result of confirmation of this plan, any creditor that is joint creditor of the debtor and the debtor's company as it relates to an obligation the debtor guaranteed for the company, the creditor will be bound by the treatment of the claim in this case and upon payment of the claim discharges the obligation of debt to company as well.

## IV.
## EFFECT OF CONFIRMATION OF PLAN

A. Discharge

Pursuant to 11 U.S.C. §1141(d)(5), in a case in which the Debtors are individuals, Confirmation of the Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all payments under the Plan. However, §1141(d)(5)(B) provides that at any time after the Confirmation of the Plan, and after notice and a hearing, the Court may grant a discharge to the Debtors before completing all payments under the Plan if (1) the value, as of the Effective Date of the Plan, of property actually distributed under the Plan on account of each Allowed Unsecured Claim is not less than the amount that would have been paid

12

Case 3:15-bk-06099   Doc 138   Filed 09/12/17   Entered 09/12/17 08:59:18   Desc Main
Document      Page 12 of 15

on such Claim if the estate of the Debtors had been liquidated under Chapter 7 on such date, and (2) modification of the Plan under Section 1127 is not practicable. To determine the amount that would have been paid if the estate of the Debtors had been liquidated under Chapter 7 on the Effective Date of the Plan, please refer to the liquidation analysis contained in the Disclosure Statement.

**B.     Re-vesting of Property in the Debtor**

Except as provided in Section {V.E.}, and except as provided elsewhere in the Plan, the confirmation of the Plan re-vests all of the property of the estate in the Debtor.

**C.     Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or re-voting on the Plan. The Proponent of the Plan may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.     Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.     Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States

Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.     Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will re-vest in the Chapter 7, estate. The automatic stay will be re-imposed upon the re-vested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

**G.     Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. A motion to administrative close the case may be filed by the Debtor after commencement of payment to class C1, C2 and C3 of the plan.

Respectfully submitted,

/s/ Mike J. Urquhart, No. 021075
MIKE J. URQUHART
Counsel to the Debtor
20 Academy Place
Nashville, TN  37210

Phone: (615) 251-6968  
Fax:     (615) 251-6975  
Email:  mikejurquhart@hotmail.com